UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEDELL HAMMOND,

               Plaintiff,                           Case No. 15-12051

v.                                      Paul D. Borman
                                          United States District Judge

CITY OF TROY, ET AL.,

                                          R. Steven Whalen
               Defendants.                United States Magistrate Judge
_____/

OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTION; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND (3) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

On July 6, 2015, Magistrate Judge R. Steven Whalen issued a Report and Recommendation in favor of denying Plaintiff Ledell Hammond's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (ECF No. 3). (ECF No. 21, Report and Recommendation). Plaintiff filed a timely Objection to the Report and Recommendation dated July 8, 2015. (ECF No. 26). Defendants City of Troy and Troy Police Department filed a Response to the Objection on July 10, 2015. (ECF No. 27). Thereafter, Plaintiff filed a reply on the same date. (ECF No. 28).

This Court reviews *de novo* the portions of a report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Further, the Court recognizes that the Court must read Plaintiff's *pro se* filings indulgently. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having conducted a *de novo* review of the parts of the Magistrate Judge's Reports and Recommendations to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will adopt the Report and Recommendation and deny Plaintiff's objections.

## I. BACKGROUND

The pertinent background facts of this matter are set forth in detail in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 21, 1-3). In summary, on the night of August 10, 2014, a WalMart store in Troy, Michigan was subject to an armed robbery. (*See* Defs.' Resp. Ex. 1, Incident Reports). Shortly after the robbery, Plaintiff was pulled over by Troy Police Officer Kramer. Plaintiff was driving his Pontiac Grand Prix in the vicinity of the WalMart at the time of the traffic stop and Aaron Powell was his passenger. (*Id*.). Officers discovered clothing in Plaintiff's car that matched the description of the clothing that the robber wore. Officers, through use of a police tracking dog, discovered a silver handgun in the bushes near where Plaintiff's car had slowed

2

down and driven over a curb.  (*Id.*).  The gun matched the description of the gun used in the robbery.  (*Id.*).

Officers took Plaintiff and Powell into custody.  Thereafter, Plaintiff was interviewed, waived his Miranda rights and acknowledged that he knew Powell's plan was illegal but did not know that Powell was going to commit an armed robbery.

Plaintiff's car was impounded as evidence and the instrumentality of a crime pursuant to Mich. Comp. Law § 257.252d(1)(e).  Defendant Troy Police Department requested that Defendant A&M Towing store the car until the criminal proceedings were resolved.  (*See* Pl.'s Mot. Ex. A).

Powell eventually pled guilty to two counts of armed robbery in February, 2015 and another individual (Mickel) was convicted of two counts of armed robbery by a jury in March 2015.  Plaintiff was not charged with armed robbery, but was charged with hindering and obstructing, driving with a suspended license, driving without lights, and driving with tinted windows.

Thereafter, on May 4, 2015, Plaintiff was notified by Detective Schuler that the "hold" had been removed and he could pickup his Grand Prix from A&M Towing.  (Pl.'s Mot. at 3).  Plaintiff attempted to retrieve his vehicle from Defendant A&M Towing but was advised he owed over $4,000 in storage fees.

(*Id.*, Ex. A).  On May 28, 2015, Plaintiff attempted to challenge the storage fees

pursuant to Mich. Comp. Laws § 257.252f by filing a petition in state court.  (*Id.* at

3-4).  Plaintiff represents that his  Petition was wrongly rejected by the state court

because such a petition could "only be filed 20 days after notice from Secretary of

State" and the vehicle was not entered into abandonment status until May 31, 2015.

(*Id.* at 4).

It also appears that Plaintiff has not attempted to file another Petition with

the state court challenging his vehicle's abandoned status after May 31, 2015.

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and

recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); FED.

R. CIV. P. 72(b).  A district "court may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." *Id.*

Objections must be timely to be considered.  A party who receives notice of the

need to timely object yet fails to do so is deemed to waive review of the district

court's order adopting the magistrate judge's recommendations.  *Mattox v. City of

Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999).  "[A] party *must* file timely

objections with the district court to avoid waiving appellate review." *Smith v.

Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)

(emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Plaintiff seeks a preliminary injunction from this Court. When determining whether to grant a preliminary injunction, a district court must balance four factors:

(1)    whether the movant has a strong likelihood of success on the merits;

(2)    whether the movant would suffer irreparable injury without the injunction;

(3)    whether the issuance of the injunction would cause substantial harm to others; and

(4)    whether the public interest would be served by the issuance of the injunction.

5

*Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535,

542 (6th Cir. 2007) (citation omitted); *see also* FED. R. CIV. P. 65(a). "These

factors are not prerequisites, but are factors that are to be balanced against each

other." *Overstreet v. Lexington-Fayette Urban Cnt'y Gov't*, 305 F.3d 566, 573

(6th Cir. 2002). Given the "limited purpose" of a preliminary injunction, such a

motion "is customarily granted on the basis of procedures that are less formal and

evidence that is less complete than in a trial on the merits." *Tenke*, 511 F.3d at

542.

## III. ANALYSIS

The Court notes that Plaintiff asserts generally that the Magistrate Judge

erred in disregarding his "pleadings, Memorandum, affidavits and proofs in

support". Plaintiff also avers generally that the Magistrate Judge was biased. Such

general objections are not considered valid objections because they lack any

specificity. *See Howard*, 932 F.2d at 509.

Construing Plaintiff's objections and his reply liberally, Plaintiff does appear

to make three specific objections to the Magistrate Judge's Report and

Recommendation. First, Plaintiff argues that Magistrate Judge erred in his analysis

because he concluded that Plaintiff's petition to the state court regarding the

abandonment of his vehicle was rejected as untimely. Plaintiff argues that this

6

cannot be because he did not receive the official notice from the secretary of state that his vehicle was abandoned until May 31, 2015.  (Obj. at 1).  Plaintiff notes his petition was rejected as untimely prior to receiving the notice of abandonment. (*Id*.).

Mich. Comp. Laws § 257.252a(6) provides in relevant part, that an owner of a vehicle may "contest the fact that the vehicle is considered abandoned or the reasonableness of the towing fees and daily storage fees by requesting a hearing .... a request for a hearing shall be made by filing a petition with the court .... within 20 days after the date of the notice."  Here, Plaintiff admittedly filed a petition in state court *prior* to receiving the requisite notice.  Therefore, even accepting Plaintiff's facts as true, his petition was premature and untimely filed under the statute.  The Magistrate Judge found that Plaintiff's petition was untimely filed *after* the twenty day period.  Regardless, such an error is harmless because the Magistrate Judge's conclusion that the State Court rejected Plaintiff's petition as "untimely" and did not constitute a Due Process violation remains sound. Therefore, Plaintiff has failed to establish any meaningful error in the Magistrate Judge's analysis.

Plaintiff also next objects to the Magistrate Judge's report and recommendation on the grounds that he denies that he was ever "convicted of any

crime" related to the armed robbery.[1]  (Obj. at 2).  The Court notes that Defendants

have attached the tickets issued to Plaintiff for driving with tinted windows,

driving with a suspended license, driving without headlights, and resisting and

obstructing.  (Defs.' Resp. Ex. 1).  Defendants also attach a judgment issued by the

52-4 Judicial District Court evidencing that Plaintiff plead guilty to resisting and

obstructing and was sentenced to eight days in jail.  (*Id*., Ex. 2).  Accordingly, the

Court finds that the Magistrate Judge's factual determinations that Plaintiff was

charged with resisting and obstructing as well as being cited for the above

mentioned civil infractions are supported by the factual record.

Finally, the Court notes that Plaintiff appears to argue that the Magistrate

Judge failed to liberally construe his pleadings and as a result erred in concluding

that Plaintiff was unlikely to prevail on either of his constitutional claims.  (R&R at

4-6).  Plaintiff does not pinpoint any particular part of his argument was that was

misconstrued, but rather appears to contend merely that the Magistrate Judge's

failure apply a liberal standard is evidence by his suggestion that Plaintiff's claims

are not likely to succeed.  The Court finds, contrary to Plaintiff's objection, that the

---

[1] The Court notes that Plaintiff may appear to be laboring under the misapprehension that proper seizure of his car must be related his personal arrest or conviction on the armed robbery charges.  As the Magistrate Judge properly concluded however, the Troy police had probable cause to believe Plaintiff's car was involved in commission of the crime due to the evidence they found in the car and accordingly the seizure was authorized to preserve evidence of a crime pursuant to Mich. Comp. Laws § 257.252d(1)(e).  (R&R at 4-5).

Magistrate Judge did properly and liberally construe Plaintiff's arguments.  The Court also finds that the general facts as set forth in Plaintiff's motions are supported by the police report supplied by Defendants.  To the extent Plaintiff contends he was never convicted of a crime, his assertion is contradicted by the judgment reflecting Plaintiff's guilty plea of the same.  All of these facts are adequately set forth in the Magistrate Judge's report and recommendation and support his analysis that Plaintiff's constitutional claims are unlikely to succeed where the seizure of his car was authorized by state statute and was therefore reasonable and not violative of the Fourth Amendment.  Moreover, Plaintiff's Due Process claim was similarly found to be unlikely to succeed on the merits where adequate state remedies established by statute were open to Plaintiff.  Indeed, Plaintiff attempted to make use of these procedures, although prematurely.

Therefore, the Court finds Plaintiff's argument that the Magistrate Judge failed to properly construe his pleadings or more generally that the Magistrate Judge's conclusions that his constitutional claims were unlikely to succeed are without merit.  Rather, the Magistrate Judge found through a very reasoned analysis that Plaintiff has failed to carry his heavy burden under Federal Rule of Civil Procedure 65(a).  *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

IV. CONCLUSION

For all these reasons, the Court:

(1)     DENIES Plaintiff's objections to the Magistrate Judge's Report and

Recommendation (ECF No. 26);

(2)     ADOPTS the Magistrate Judge's Report and Recommendation (ECF

No. 21); and

(3)     DENIES Plaintiff's request for a Preliminary Injunction (ECF No. 3).

IT IS SO ORDERED.


s/Paul D. Borman                                
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each
attorney or party of record herein by electronic means or first class U.S. mail on
July 14, 2015.


s/Deborah Tofil                                  
Case Manager

10