UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEDELL HAMMOND,

           Plaintiff,                    No. 15-12051

v.                                   District Judge Paul D. Borman
                                   Magistrate Judge R. Steven Whalen

CITY OF TROY, ET AL.,

           Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed a *pro se* civil complaint raising a number of claims against a number of Defendants, centering on the Troy Police Department having impounded his car pending an armed robbery investigation, and his claimed inability to recover his car at the conclusion of the criminal proceedings. Before the Court is a motion to dismiss [Doc. #34] filed by Defendant 52-4 District Court, which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Because Michigan Courts are protected by Eleventh Amendment immunity, I recommend that the motion be GRANTED, and that the 52-4 District Court be DISMISSED WITH PREJUDICE.

# I.  FACTS[1]

The Troy Police impounded Mr. Hammond's Pontiac Grand Prix, which was considered evidence in an armed robbery investigation. Mr. Hammond was not charged with the armed robbery, but his friend Powell was. The Grand Prix was used during the course of the robbery, and it was impounded as evidence and the instrumentality of a crime, as authorized by M.C.L. § 257.252d(1)(e).  On May 4, 2015, the Troy Police Department notified Mr. Hammond that the "hold" on his car had been removed, and that he could pick it up from A&M Service Center and Towing.  Unfortunately, A&M required him to pay storage fees in the amount of $4,545.00.   Mr. Hammond then filed a petition in 52-4 District Court to recover the car. The Court dismissed the petition as untimely. In Count One of his complaint, he makes the following allegation regarding 52-4 District Court:

> "Defendant '52-4 District Court' erroneously rejected petition without merit and contrary to the intent of MCL 257.252(f).  In result causing Plaintiff to default on obtaining unlawfully seized property."

# II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a

---

[1] I set forth a complete factual background in my Report & Recommendation to deny a temporary restraining order [Doc. #21].

matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

## III.  DISCUSSION

Eleventh Amendment sovereign immunity bars federal lawsuits for monetary damages against States or their agencies, including lawsuits brought under 42 U.S.C. § 1983. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cady v. Arenac County*, 573 F.3d 334, 342 (6th Cir. 2009).  The Sixth Circuit has held that all Michigan Courts, including the District Courts, "are part of one, unified judicial branch *of the state*."  *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 763 (6th Cir. 2010)(emphasis in original). Therefore, Defendant 52-4 District Court must be dismissed on the basis of Eleventh Amendment immunity. *Id*. at 764.

## IV.  CONCLUSION

I therefore recommend that Defendant 52-4 District Court's motion to dismiss [Doc. #34] be GRANTED, and that this Defendant be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

-4-

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise

others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections,

the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court. The

response shall address specifically, and in the same order raised, each issue contained within

the objections.


                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE
Dated: February 26, 2016


                        CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on
February 26, 2016, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen