UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEDELL HAMMOND,

Plaintiff, No. 15-12051

v. District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

CITY OF TROY, ET AL.,

Defendants.
_______________________________ /

**OPINION AND ORDER**

Before the Court are Plaintiff Ledell Hammond's Motion for Disqualification of Magistrate Judge [Doc. #38] and Motion for Judge Borman to Adjudicate Pretrial Matters [Doc. #39]. For the reasons discussed below, both motions are DENIED.

## I. BACKGROUND

Plaintiff filed a *pro se* civil complaint raising a number of claims against a number of Defendants, centering on the Troy Police Department having impounded his car pending an armed robbery investigation, and his claimed inability to recover his car at the conclusion of the criminal proceedings. Judge Paul D. Borman is the assigned District Judge and I, Judge R. Steven Whalen am the assigned Magistrate Judge. On June 15, 2015, Judge Borman referred all pretrial matters to Judge Whalen, including preparation of Reports and Recommendations on all dispositive motions and hearing and

determination of all non-dispositive matters [Doc. #8]. On June 17, 2015, I ordered Defendant City of Troy to file a response to Plaintiff's motion for a temporary restraining order ("TRO")[Doc. #12]. On the same date, I denied Plaintiff's motion for discovery and production of documents as premature [Doc. #13]. On June 19, 2015, I granted Plaintiff's motion for U.S. Marshal's service on one of the Defendants [Doc. #15]. On July 6, 2015, I issued a Report and Recommendation, recommending the denial of Plaintiff's motion for a TRO [Doc. #21]. On July 14, 2015, Judge Borman overruled Plaintiff's objections to my R&R, and denied the motion for a TRO [Doc. #29].

In his motion to disqualify Magistrate Judge, Plaintiff alleges that in recommending the denial of his TRO motion, I "evidenced personal bias, prejudgment, and had a preconceived notion of facts by erroneously assuming facts not in evidence and/or never to exist." *Motion* [Doc. #38], at 5. Specifically, he argues that I mischaracterized the offenses he was charged with, and that I erred in finding that "Plaintiff new that Powell's plan was illegal, but did not know that it involved an armed robbery." *Id*. He alleges that I have shown a "deep seated favoritism or antagonism." *Id*. at 7.

## II. DISCUSSION

Regarding disqualification or recusal of a judicial officer, 28 U.S.C. §455(a) states:

> "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned."

Sec. 455(b)(1) states that a judicial officer should also be disqualified:

> "Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

"In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005). In other words, the alleged bias must emanate from some source other than participation in the proceedings. *Id.* Knowledge gained and opinions formed by a judge during the proceedings cannot support a claim of recusal for improper bias and prejudice, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). As the Supreme Court noted in *Liteky*, at 550-551:

> "The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: 'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did "The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: 'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-

> house dramas called trials, he could never render decisions.' *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (CA2 1943)."

Plaintiff's claim of bias or partiality derives principally from my Report and Recommendation. The facts contained in that Report were drawn in large part from the police report describing the incident that led to the seizure of the car. I found that those facts, if believed, supported a finding of probable cause for the initial traffic stop and also supported the seizure and impoundment of the car under Michigan law:

> "As to the initial stop of Plaintiff's car, "[t]he Fourth amendment...permits an officer who has probable cause to believe that a traffic violation is occurring to detain the automobile, regardless of the officer's subjective motivation for the stop." *United States v. Burton*, 334 F.3d 514, 516 (6th Cir. 2003) (citing *Whren v. United States*, 517 U.S. 806, 812-13 (1996). Officer Kramer observed the Grand Prix being driven at night without lights and with tinted windows, in violation of state law. The traffic stop passes constitutional muster.
>
> "Once the stop was effected, the Officer observed clothing in the car that matched the unique description of clothing worn by the robber. In addition, the police (with the help of a dog) found a discarded handgun, matching the description of the gun used in the robbery, in the vicinity of where they saw the Grand Prix slow down and drive over a curb. At that point, the police had probable cause to believe that the car was used in the commission of a crime, and that seizure was necessary to preserve evidence of a crime. Therefore, the impoundment and storage of the car was authorized by M.C.L. § 257.252d(1)(e)...." *Report and Recommendation* [Doc. #21], 4-5.

These facts and conclusions of law were made in support of my finding that Plaintiff did not have a substantial likelihood of success on the merits, a requirement to grant a TRO. I recommended likewise as to Plaintiff's due process claim, because he had an established and adequate state remedy available to him to recover his car. *Id*. at 5-6.

It is clear that I did not rely on ex parte or extrajudicial facts or information in making my recommendation. The facts I relied on were contained in the pleadings and the exhibits, including the police report, that were filed with the Court. Judge Borman had the same material before him when he overruled Plaintiff's objections, adopted my Report and Recommendation, and denied a TRO. To the extent that there was error in characterizing Plaintiff's driver's license as "suspended" rather than "restricted," that fact had no bearing whatsoever on the ultimate recommendation.

In summary, there is no basis on which my impartiality might reasonably be questioned, as required by § 455(a), nor has Plaintiff shown that I have personal bias or personal knowledge of disputed facts, as required by § 455(b)(1). Rather, my Report and Recommendation was based on the record and the parties' pleadings, not on any extrajudicial source. My judicial ruling are not a basis for disqualification. *Liteky v. United States*.

## III. CONCLUSION

Plaintiff's Motion for Disqualification of Magistrate Judge [Doc. #38] is DENIED.

Plaintiff's Motion for Judge Borman to Adjudicate Pretrial Matters [Doc. #39] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 26, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen