UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEDELL HAMMOND,

          Plaintiff,                 No. 15-12051

v.                             District Judge Paul D. Borman
                                Magistrate Judge R. Steven Whalen

CITY OF TROY, ET AL.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ledell Hammond filed a *pro se* civil complaint raising a number of claims against a number of Defendants, centering on the Troy Police Department having impounded his car pending an armed robbery investigation, and his claimed inability to recover his car at the conclusion of the criminal proceedings. One of the Defendants is Ruth Johnson, the Michigan Secretary of State. For the reasons discussed below, I recommend that Defendant Johnson be dismissed *sua sponte* under Fed.R.Civ.P. 12(b)(1).

## I.   FACTS

(The facts of this case were fully set forth in my previous Reports and Recommendations [Doc. #21 and #33], and are repeated verbatim here).

On the night of August 10, 2014, an armed robbery occurred at a WalMart store in Troy, Michigan. Shortly after the robbery, Troy Police Officer Kramer stopped a black

Pontiac Grand Prix in the vicinity of the WalMart.  Plaintiff Hammond was the driver, and Aaron Powell was a passenger. Clothing found inside the car matched the description of clothing that the robber wore. Specifically, Officers found a pair of tan-colored boot with black wrapped around the toe. Officers brought a tracking dog to the scene of the stop, and the dog located a silver handgun in the bushes near where Officer Kramer had seen the Grand Prix slow down and drive over a curb. This matched the description of the gun used in the robbery.  Hammond and Powell were taken into custody.

Officers interviewed Plaintiff Hammond twice. Plaintiff waived his Miranda rights on each occasion, and during the second interview, he said that Powell told him there was a way to make some money. Plaintiff knew that Powell's plan was illegal, but did not know that it involved an armed robbery.  Plaintiff said that Powell directed him to the WalMart parking lot, and got out, ostensibly to urinate.  Powell came back five to ten minutes later, and told him he needed to get rid of a gun.

Plaintiff's Grand Prix was impounded as evidence and the instrumentality of a crime, as authorized by M.C.L. § 257.252d(1)(e).  On August 11, 2014, the Troy Police Department requested Defendant A&M Service Center and Towing to store the car until the conclusion of the criminal proceedings.  Plaintiff was not charged with armed robbery. However, Powell, the passenger in the Grand Prix, pled guilty to two counts of armed robbery. Another individual (Mickels) was convicted of two counts of armed robbery by a jury.

-2-

On May 4, 2015, the Troy Police Department notified Plaintiff that the "hold" on his car had been removed, and that he could pick it up from A&M. *Memorandum in Support of Motion* [Doc. #3], p. 2. However, A&M required him to pay storage fees in the amount of $4,545.00. The Troy Police Department confirmed that information. Plaintiff then filed a petition to challenge the storage fees, but the state district court rejected the petition as untimely under the statute.

Plaintiff brings the following claim against Secretary of State Johnson, whom he names in her official capacity (*see Amended Complaint* [Doc. #22], ¶ 9):

> "Defendant Ruth Johnson, Secretary of State, had a duty to issue notice of abandonment to initiate due process procedures pursuant to MCL 257.252f. As a result Plaintiff has suffered tremendous loss of employment, property and constitutes hardship." *Id*. ¶ 14.

## II.    STANDARD OF REVIEW

A Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## III.    DISCUSSION

Eleventh Amendment sovereign immunity bars federal lawsuits against States or their agencies, or State functionaries sued in their official capacities for money damages.

*Hafer v. Melo*, 502 U.S. 21, 23 (1991) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)). including lawsuits brought under 42 U.S.C. § 1983; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cady v. Arenac County*, 573 F.3d 334, 342 (6th Cir. 2009).  In that Plaintiff is claiming loss of employment and property as the apparent result of the Secretary of State's failure to issue notice, it appears that he is in fact seeking monetary damages from Defendant Johnson, who enjoys Eleventh Amendment immunity. To the extent that he seeks injunctive relief, that claim would be moot; Secretary of State cannot give retroactive notice.[1]  Plaintiff's claim is therefore "devoid of merit" and "no longer open to discussion."  *Apple v. Glenn, supra*.

In addition, M.C.L. § 257.252e provides that an action under the § 257.252 in a Michigan District Court or Municipal Court is "the exclusive remedies for the disposition of abandoned vehicles."  Therefore, this Court does not have subject matter jurisdiction to consider Plaintiff's claim under this State statute.

## IV.    CONCLUSION

I therefore recommend that the Court *sua sponte* dismiss Defendant Secretary of State Ruth Johnson.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

---

[1] It also appears that the only injunctive relief that Plaintiff seeks is the return of his car. It is not within the Secretary of State's power to grant that relief in any event.

-4-

Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 28, 2016

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on February 28, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen