UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEDELL HAMMOND,

           Plaintiff,                       No. 15-12051

v.                                 District Judge Paul D. Borman
                                     Magistrate Judge R. Steven Whalen

CITY OF TROY, ET AL.,

           Defendants.

_____/

### REPORT AND RECOMMENDATION

Plaintiff Ledell Hammond has filed a *pro se* civil complaint raising a number of claims against a number of Defendants, centering on the Troy Police Department having impounded his car pending an armed robbery investigation, and his claimed inability to recover his car at the conclusion of the criminal proceedings. All Defendants have been dismissed except for A&M Service Center & Towing ("A&M"). A&M's answer to the amended complaint [Doc. #61] and motion to dismiss [Doc. #62] have been stricken because they were not signed by a licensed attorney. Nevertheless, for the reasons discussed below, I recommend that the Court *sua sponte* dismiss A&M under Fed.R.Civ.P. 12(b)(1).

-1-

## I.    FACTS[1]

On the night of August 10, 2014, an armed robbery occurred at a WalMart store in Troy, Michigan.  Shortly after the robbery, Troy Police Officer Kramer stopped a black Pontiac Grand Prix in the vicinity of the WalMart.  Plaintiff Hammond was the driver, and Aaron Powell was a passenger. Clothing found inside the car matched the description of clothing that the robber wore. Specifically, Officers found a pair of tan-colored boot with black wrapped around the toe. Officers brought a tracking dog to the scene of the stop, and the dog located a silver handgun in the bushes near where Officer Kramer had seen the Grand Prix slow down and drive over a curb. This matched the description of the gun used in the robbery.  Hammond and Powell were taken into custody.

Officers interviewed Plaintiff Hammond twice. Plaintiff waived his Miranda rights on each occasion, and during the second interview, he said that Powell told him there was a way to make some money. Plaintiff knew that Powell's plan was illegal, but did not know that it involved an armed robbery.  Plaintiff said that Powell directed him to the WalMart parking lot, and got out, ostensibly to urinate.  Powell came back five to ten minutes later, and told him he needed to get rid of a gun.

Plaintiff's Grand Prix was impounded as evidence and the instrumentality of a

---

[1] On July 6, 2015, I filed a Report and Recommendation [Doc. #21] regarding Plaintiff's motion for a temporary restraining order. The facts set forth herein are taken in large part from the facts in my previous R&R. Those facts were in turn based on Plaintiff's complaint (superseded by an amended complaint) and the police report concerning the events that led to the impoundment of Plaintiff's car.

crime, as authorized by M.C.L. § 257.252d(1)(e).  On August 11, 2014, the Troy Police Department requested Defendant A&M Service Center and Towing to store the car until the conclusion of the criminal proceedings.  Plaintiff was not charged with armed robbery. However, Powell, the passenger in the Grand Prix, pled guilty to two counts of armed robbery. Another individual (Mickels) was convicted of two counts of armed robbery by a jury.

On May 4, 2015, the Troy Police Department notified Plaintiff that the "hold" on his car had been removed, and that he could pick it up from A&M.  However, A&M required him to pay storage fees in the amount of $4,545.00. The Troy Police Department confirmed that information. Plaintiff then filed a petition to challenge the storage fees, but the state district court rejected the petition.

Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment and Fourteenth Amendment Due Process. He also claims gross negligence, as well as violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 , and M.C.L. § 257.252.

## II.    STANDARD OF REVIEW

A Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."

*Apple v. Glenn*, 183 F.3d 477, 479 (6ᵗʰ Cir. 1999).

### III.   DISCUSSION

Plaintiff's claims are grounded principally in the Fourth Amendment, the Due

Process Clause of the Fourteenth Amendment, and the Michigan Vehicle Code as it

relates to impoundment and storage of vehicles.[2]

Regarding the Fourth Amendment claim, I previously found that the initial stop of

Plaintiff's car (which A&M had nothing to do with) was proper. I also found that the

impoundment and storage of the car were reasonable under the Fourth Amendment:

> "Once the stop was effected, the Officer observed clothing in the car that
> matched the unique description of clothing worn by the robber. In addition,
> the police (with the help of a dog) found a discarded handgun, matching the
> description of the gun used in the robbery, in the vicinity of where they saw
> the Grand Prix slow down and drive over a curb. At that point, the police
> had probable cause to believe that the car was used in the commission of a
> crime, and that seizure was necessary to preserve evidence of a crime.
> Therefore, the impoundment and storage of the car was authorized by
> M.C.L. § 257.252d(1)(e), which provides as follows:
>
> > 'Sec. 252d. (1) A police agency or a governmental agency
> > designated by the police agency may provide for the
> > immediate removal of a vehicle from public or private
> > property to a place of safekeeping at the expense of the last-

---

[2] As to the constitutional claims, which are brought under 42 U.S.C. § 1983, I will
assume, without deciding, that A&M qualifies as a state actor under the "public
functions" test of *West v. Atkins*, 487 U.S. 42, 49 (1988). *See Doe v. City of Chicago*, 39
F.Supp.2d 1106 (N.D. Ill. 1999)(jury question as to whether private auto removal
company that towed vehicles to the City of Chicago auto pound was a "state actor" for
purposes of § 1983.

-4-

> titled owner of the vehicle in any of the following
> circumstances:
>
> (e) If the vehicle must be seized to preserve evidence of a
> crime, or if there is reasonable cause to believe that the
> vehicle was used in the commission of a crime.'

The seizure and storage of an automobile under this statute was reasonable,
and hence not violative of the Fourth Amendment. *Moosdorf v. Krot*, 2006
WL 2644994 (E.D. Mich. 2006)(Duggan, J.)('As the vehicle was used in
the commission of a crime, the Officers lawfully seized the vehicle pursuant
to Section 257.252d.')." *Report and Recommendation* [Doc. #53], *adopted
in Order Granting Motion to Dismiss* [Doc. #57].

A Fourth Amendment claim attributable to A&M would be dependent on the

viability of a Fourth Amendment claim against the City of Troy. The Court has already

ruled that there is no plausible Fourth Amendment claim against the City. That finding is

law of the case. "Under the doctrine of law of the csae, findings made at one point of the

litigation become the law of the case for subsequent stages of that same litigation."

*United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).  Because the claim is

"devoid of merit" and "no longer open to discussion," *Apple v. Glenn*, it is subject to

dismissal under Rule 12(b)(1).

Plaintiff's other claims against A&M are similarly fall under the law of the case

doctrine. In my previous Report and Recommendation, which the Court adopted,

Plaintiff's due process claim, his claim under RICO, 18 U.S.C. § 1962(c), his statutory

claim under M.C.L. § 257.252e, and his claim of "gross negligence" were all found

lacking in merit.

Both as a substantive matter, as discussed in my previous Report and Recommendation, and based on the law of the case doctrine, these claims are "devoid of merit" and are "no longer open to discussion" as they apply to A&M. Therefore, the Court should dismiss A&M under Fed.R.Civ.P. 12(b)(1).

## IV.   CONCLUSION

I recommend that the Court *sua sponte* dismiss Defendant A&M Service Center & Towing with prejudice.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                              s/R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

Date: May 12, 2016


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 12, 2016, electronically and/or by U.S. mail.


                              s/Carolyn M. Ciesla
                              Case Manager to the
                              Honorable R. Steven Whalen